IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIM SCHOENBAUER, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2702-E-BN |
| DEUTSCHE BANK TRUST, ET AL., | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tim Schoenbauer initiated this lawsuit *pro se* in federal district court through a filing that begins by "giv[ing] notice that I am appealing to the United States Court of Appeals for the Fifth Circuit from the final judgment/order entered" in another lawsuit that he filed in this district, *Schoenbauer v. Deutsche Bank National Trust Co.*, No. 3:20-cv-1901-E-BH (N.D. Tex.) ("*Schoenbauer I*"), in which the district court entered final judgment on December 27, 2021, *see Schoenbauer I*, Dkt. No. 53, and the Fifth Circuit entered judgment affirming the district court earlier this year, *see Schoenbauer I*, Dkt. Nos. 66 & 67.

United States District Judge Ada Brown referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, while Schoenbauer paid the applicable filing fee to bring this action, because he has not alleged a claim on which relief may be granted, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court

should dismiss the complaint with prejudice on its own motion.

## Legal Standards

Schoenbauer's paying the statutory filing fee prevents judicial screening under 28 U.S.C. § 1915.

But the Court may still "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

And "[t]he broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

These findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords Schoenbauer an opportunity to respond. *See, e.g., Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

## Analysis

To avoid dismissal under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), pleading those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The filing that initiated this lawsuit does not meet these standards. Simply put, a plaintiff cannot state a plausible claim for relief based on purported grounds to appeal the judgment entered in a separate lawsuit.

The Court should therefore dismiss this lawsuit with prejudice.

## Recommendation

The Court should dismiss the complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE